IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BANK OZK F/K/A BANK OF THE OZARKS, AS :
SUCCESSOR IN INTEREST TO AND :
ASSIGNEE OF, THE FEDERAL DEPOSIT :
INSURANCE CORPORATION, AS RECEIVER :
OF OGLETHORPE BANK :
  PLAINTIFF, :

             : Civil Action :
v.            : File No: 2:19-cv-150
             :
JAMES MICHAEL HULSEY AND  :
STEPHEN DERRICK HULSEY,  :
  DEFENDANTS     :

## COMPLAINT

COMES NOW, Plaintiff, BANK OZK, formerly known as "Bank of the Ozarks", ("Bank"), and hereby files its Complaint against Defendants and in support thereof shows this Honorable Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.

Bank OZK is a banking entity created under Arkansas Law and having its principal place of business located in Little Rock, Arkansas.

2.

The Defendant, James Michael Hulsey, is an individual and may be personally served at 1322 Fairway Road, Brunswick, Georgia 31525.

3.

The Defendant, Stephen Derrick Hulsey, is an individual and may be personally served at 323 Parland Road, Brunswick, Georgia 31523.

4.

Pursuant to 28 U.S.C. §1332, the Court has jurisdiction over this case because a complete diversity exists between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  On the one hand, the Bank is a banking entity created under Arkansas Law and having its principal place of business located in Arkansas.  On the other hand, the  Defendants are residents of the State of Georgia.

5.

Pursuant to 28 U.S.C. §1391(b), venue is proper in this Court because the action is brought in the judicial district in which the Defendants reside and the Defendants are residents of the State in which the district is located.

**TRANSFER OF LOAN DOCUMENTS TO BANK OF THE OZARKS**

6.

On or about January 14, 2011, the Office of Thrift Supervision closed

Oglethorpe Bank (hereinafter "Oglethorpe") and the Federal Deposit Insurance Corporation was appointed Receiver thereof.

7.

The Federal Deposit Insurance Corporation, as Receiver of Oglethorpe Bank succeeded to all rights, titles, powers and privileges of Oglethorpe Bank, pursuant to 12 U.S.C. §1821(c)-(d). As such, the FDIC as Receiver stood in the shoes of Oglethorpe Bank with respect to all matters.

8.

All of Oglethorpe Bank's right, title and interest in the Defendants' security instruments, together with all of the underlying indebtedness as evidenced by the Adjustable Rate Note or other evidence of indebtedness, was assigned to Bank of the Ozarks in an Assignment dated May 18, 2011. A true and correct certified copy of said Assignment, the same being recorded in Book CRP 1046, Pages 412-420 in the McDowell County, North Carolina records, is attached hereto and made a part hereof by reference as Exhibit "A".

9.

Also, on or about January 14, 2011, the FDIC, as Receiver, and Bank OZK entered into a Purchase and Assumption Agreement whereby Bank OZK purchased for value and took physical possession of the Loan Documents at issue

in this action.

10.

In the Bank's purchase of the assets of Oglethorpe Bank from the FDIC as Receiver, the FDIC as Receiver completely transferred any and all interest it had in the subject Note and related Loan Documents involved in this action to the Bank. The Bank is the holder of the Note and related Loan Documents at issue in this action, with all rights to enforce same.

## NOTE XXXX85000 DEMAND AND DEBT

11.

Plaintiff hereby incorporates paragraphs 1 through 10 of this Complaint as if fully set forth hereinbelow

12.

The Defendants, James Michael Hulsey and Stephen Derrick Hulsey entered into an Adjustable Rate Note on March 3, 2008 in the original principal amount of $85,410.00. A true and correct copy of the Note is attached hereto and made a part hereof as Exhibit "B".

13.

In order to secure the Note, Defendants granted a real estate Deed of Trust to Oglethorpe Bank recorded at Book CRP 957, Pages 640-644 in the McDowell

County, North Carolina Deed Records.  A true and correct copy of the Deed of Trust is attached hereto and made a part hereof by reference as Exhibit "C".

14.

On or about October 3, 2017, Defendants, James Michael Hulsey and Stephen Derrick Hulsey entered into a Change of Terms Agreement with Bank of the Ozarks to extend the due date of certain payments.  A true and correct copy of the Agreement is attached hereto and made a part hereof as Exhibit "D".

15.

Defendants breached their obligations under the Note by failing to make payments on the Note when due.

16.

On or about November 4,  2019, a written Notice of Default was mailed to the Defendants under the terms of the Note, along with additional notice that the Bank intended to enforce the attorney's fees provision of the Note.  A true and correct copy of the demand letter dated November 4, 2019 is attached hereto as Exhibit "E" and is incorporated herein by reference.

17.

The contract between the parties provides that the Plaintiff is entitled to

recover reasonable attorney's fees (see Note at Section 7(f)). Pursuant to O.C.G.A. §13-1-11, Plaintiff is therefore entitled to recover from Defendants, reasonable attorney's fees not to exceed 15% of the first $500.00 of principal and interest owed under the Note and 10% of the amount of principal and interest owed thereon in excess of $500.00.

18.

Plaintiff, Bank OZK, hereby, once again, notifies Defendants that if the entire balance due and owing on said Note, as described hereinbelow, is not paid in full within 10 days of the service of this Complaint, Plaintiff will be entitled to recover its costs and attorney's fees in the amount provided by O.C.G.A. §13-1-11.

19.

The amount due on this account as of October 24, 2019 is $69,110.02 in principal, accrued interest of $4,427.65, plus reasonable attorney's fees in the amount of 15% of the first $500.00 of principal and interest owed under the Note and 10% of the amount of principal and interest owed thereon in excess of $500.00 for total attorney's fees in the amount of $7,378.76, plus late fees in the amount of $1,626.91, for a total of $82,543.34. Interest continues to accrue at the rate of 4.5% per annum, the per diem interest rate being $7.99 from October

24, 2019 until paid.

20.

To date, the Defendants have failed to cure their default and breach of the Note.

21.

Through their default and by failing to pay the amounts due under the terms of the subject Note, Defendants have breached their contractual obligation to the Bank.

22.

As a result of the Defendants' failure to pay the outstanding indebtedness in full, the Bank is entitled to the entry of a Judgment against Defendants, jointly and severally, in an amount equal to the indebtedness, plus attorney's fees and costs, as of the date of entry of Judgment.

WHEREFORE, Plaintiff demands judgment against Defendants, James Michael Hulsey and Stephen Derrick Hulsey, jointly and severally, as of October 24, 2019 in the sum of $69,110.02 principal, accrued interest of $4,427.65, plus reasonable attorney's fees in the amount of 15% of the first $500.00 of principal and interest owed under the Note and 10% of the amount of principal and interest owed thereon in excess of $500.00 for total attorney's fees in the amount

of $7,378.76, plus late fees in the amount of $1,626.91 for a total of $82,543.34,

plus per diem interest at the rate of $7.99 thereafter until paid calculated at 4.5%

interest per annum; and for such other and further relief as the Court may deem

just and proper.

This the _5th_ day of December, 2019.

David M. Wolfson
Attorney for Plaintiff

1010 Williams Street
Valdosta, Georgia 31601
(229) 257-0080 - phone
(229) 257-0086 - fax
davidmwolfsonpc@gmail.com
State Bar No: 773395