# In the United States District Court for the Southern District of Georgia Brunswick Division



FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 1:38 pm, Sep 28, 2020

| | |
|---|---|
| BANK OZK F/K/A BANK OF THE OZARKS AS SUCCESSOR IN INTEREST TO AND ASSSIGNEE OF, THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF OGLETHORPE BANK,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES MICHAEL HULSEY and STEPHEN DERRICK HULSEY,<br><br>    Defendants. | No. 2:19—CV-150 |

### ORDER

Before the Court is Plaintiff Bank OZK's Motion for Summary Judgment.  Dkt. No. 16.  For the reasons stated below, Plaintiff's Motion is **GRANTED**.

### BACKGROUND

To begin, the Court notes that the pro se defendants, James Michael Hulsey and Stephen Derrick Hulsey (collectively "Defendants"), have proceeded in good faith.  They have shown the efforts they made to comply with their obligations and resolve this matter.  Defendants simply find themselves in unfortunate financial conditions, and they are obligated to an entity that is not interested in compromise.  Nevertheless, it is Plaintiff's

right to decline compromise, and the subject note and attendant undisputed facts show that Plaintiff is entitled to the judgment it seeks.

Plaintiff's claim arises from a note (the "Note") issued to Defendants on March 3, 2008 in the original principal amount of $85,410.00 and in favor of Oglethorpe Bank, Plaintiff's predecessor.  See Dkt. No. 1-2.  To secure the Note, Defendants granted a real estate deed of trust to Oglethorpe Bank.  See Dkt. No. 1-3.  Some time after Defendants executed the Note, the Office of Thrift Supervision closed Oglethorpe Bank.  See Dkt. No. 16-2 ¶ 6.  The Federal Deposit Insurance Corporation ("FDIC") was appointed as Oglethorpe Bank's receiver on January 14, 2011, and Plaintiff later purchased and assumed Oglethorpe Bank's loans from the FDIC.  See Dkt. No. 1-1.

According to Plaintiff's records, Defendants last made a payment on the Note on September 17, 2018.  See Dkt. No. 26 at 6.[1] Plaintiff sent Defendants a demand letter via certified mail on

---

[1] In accordance with Local Rule 56.1, Plaintiff submitted a Statement of Undisputed Material Facts with its Motion for Summary Judgment.  See Dkt. No. 16 at 6–9.  Local Rule 56.1 requires that a party respond to a moving party's statement of undisputed facts; if the party does not respond, those facts will be deemed admitted. See L.R. 56.1.  Defendants filed responses to Plaintiff's Motion for Summary Judgment, but Defendants did not respond to or dispute Plaintiff's Statement of Undisputed Material Facts.  See Dkt. Nos. 24, 25.  Therefore, this Court will consider the facts contained in Plaintiff's Statement of Undisputed Material Facts to be undisputed.

2

November 4, 2019, advising Defendants that they were in default in the amount of $8,852.31.  See Dkt. No. 1-5.  On December 5, 2019, Plaintiff filed this suit.  See Dkt. No. 1.  Finally, Plaintiff sent Defendants a letter via certified mail on January 24, 2020, notifying Defendants that their balance was accelerated and due in full.  See Dkt. No. 16-1.

Plaintiff filed the present Motion for Summary Judgment on March 25, 2020, in which it argues that it has established its prima facie case and Defendants have not raised a valid defense to liability.  See Dkt. No. 16 at 5-6.  Defendants filed separate, but largely identical, responses to Plaintiff's Motion.  Compare Dkt. No. 24 with Dkt. No. 25.  In their responses, Defendants do not dispute any of the material facts or Plaintiff's arguments.  See Dkt. Nos. 24, 25.  Defendants do argue, however, that Plaintiff was required to foreclose on the collateral property before pursuing this action.  See Dkt. No. 24 ¶ 3; Dkt. No. 25 ¶ 3.  The Court held oral argument on Plaintiff's Motion on September 22, 2020.

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is "genuine" where the evidence would allow "a reasonable jury to return a verdict for the nonmoving party."

FindWhat Inv. Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A fact is "material" only if it "might affect the outcome of the suit under the governing law." Id. (quoting Anderson, 477 U.S. at 248). Factual disputes that are "irrelevant or unnecessary" are not sufficient to survive summary judgment. Anderson, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant must show the court that there is an absence of evidence to support the nonmoving party's case. See id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. See Anderson, 477 U.S. at 257.

The nonmovant may satisfy this burden in one of two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting Celotex Corp., 477 U.S. at 332 (Brennan, J., dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict

4

motion at trial based on the alleged evidentiary deficiency." Id. at 1117. Where the nonmovant attempts to carry this burden with nothing more "than a repetition of his conclusional allegations, summary judgment for the [movant is] not only proper but required." Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981) (citing Fed. R. Civ. P. 56(e)).

## DISCUSSION

Plaintiff has presented evidence establishing the Note's execution, Defendants' default on the Note, and notice informing Defendants of the default. See Dkt. Nos. 16-2, 26. This evidence establishes Plaintiff's prima facie case. See Fielbon Dev. Co. v. Colony Bank, 660 S.E.2d 801, 805 (Ga. Ct. App. 2008) ("A plaintiff seeking to enforce a promissory note establishes a prima facie case by producing the note and showing that it was executed." (citation omitted)). "Once that prima facie case has been made, the plaintiff is entitled to judgment as a matter of law unless the defendant can establish a defense." Id. (citation omitted); see also O.C.G.A. § 11-3-308(b). Because Defendants have presented no evidence countering Plaintiff's prima facie case, judgment as a matter of law is appropriate as long as Defendants have no viable defenses.

Defendants have not argued that any defenses apply in this case, except for their argument that Plaintiff was required to foreclose on the property instead of filing this suit. See Dkt.

5

No. 24 at 1; Dkt. No. 25 at 1.  However, Georgia law does not require a secured creditor to foreclose on collateral before filing suit.  See Sadler v. Trust Co. Bank of S. Ga., N.A., 344 S.E.2d 694, 695 (Ga. Ct. App. 1986) ("A secured creditor has an option of either proceeding to suit on the note or foreclosing on the collateral.").  Nor does the Note contain terms that oblige Plaintiff to undertake foreclosure proceedings before proceeding with suit.  See Dkt. No. 1-2.  Defendants, therefore, have no defense to liability here.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment, dkt. no. 16, is **GRANTED**.

At this time, judgment is entered against Defendants James Michael Hulsey and Stephen Derrick Hulsey in the amount of:

1. $69,110.02 for unpaid principal;
2. $7,281.85 for unpaid interest;
3. $1,626.91 for late charges;
4. $7,378.76 for attorney's fees; and
5. $520.00 for costs and services.

**SO ORDERED**, this 28th day of September, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA